UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WILLIAM BLAIR GAMBLE and KRISTAN HOPE SMITH, <br><br> Plaintiffs, <br> v. <br><br> P. JOHNSON & ASSOCIATES, INC. and PIERRE JOHNSON, <br><br> Defendants. | Civil No. 3:19-cv-00708 <br><br> COMPLAINT AND <br> DEMAND FOR JURY TRIAL |

Plaintiffs, William Blair Gamble ("Gamble") and Kristan Hope Smith ("Smith") (collectively "Plaintiffs"), by and through counsel, bring this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against P. Johnson & Associates, Inc. and Pierre Johnson (collectively "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) and seek to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiffs' FLSA claims result from: (1) Defendants' policy and practice of failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek; and (2) Defendants' policy and practice of failing to record all hours worked by Plaintiffs.

## THE PARTIES

3. Gamble is an adult individual who is a resident of Dallas, North Carolina.

4. Gamble was employed by Defendants from on or about April 24, 2017, until April 25, 2018. During the relevant statutory time period, Gamble worked in the position of route delivery driver and delivered packages for Defendants.

5. Smith is an adult individual who is a resident of Dallas, North Carolina.

6. Smith was employed by Defendants from on or about November 18, 2017, until May 24, 2018. During the relevant statutory time period, Smith worked in the position of route delivery driver and delivered packages for Defendants.

7. P. Johnson & Associates, Inc. ("PJA") is a domestic business corporation registered and in good standing in the State of North Carolina, with its principal office located at 2715 Hampton View Court, Charlotte, North Carolina 28213.

8. Pierre Johnson ("Johnson") is the owner of PJA and contracts with FedEx to provide home and business delivery services within the State of North Carolina. Johnson established and implemented the unlawful wage and hour policies at issue in this case and co-directed the day-to-day work activities of Plaintiffs.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

10. This Court has personal jurisdiction because Defendants conduct business in Mecklenburg County, North Carolina, which is located within this judicial district.

11. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg, North Carolina.

## COVERAGE ALLEGATIONS

12. During the three-year time period preceding the filing of this Complaint, Defendants have been a joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. Johnson is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). In this capacity, Johnson is involved in the day-to-day business operations of PJA. Johnson has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to withhold overtime compensation from Plaintiffs. At all relevant times, Johnson acted and had responsibility to act on behalf of, and in the interests of PJA in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the off-the-clock issues raised in this lawsuit.

15. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

3

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

17. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

18. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

19. Defendant employed Plaintiffs during the FLSA's statutory period preceding the filing of this complaint.

20. FedEx contracted with PJA and Johnson to provide pickup and delivery services for designated routes in North Carolina.

21. Plaintiffs performed delivery services to FedEx customers based on schedules dictated pursuant to FedEx's delivery requirements. Plaintiffs' work hours were dictated by the volume of packages that FedEx required be delivered each day on their routes.

22. Gamble drove a sprinter van to perform his assigned delivery services during the period of on or about April 24, 2017, through December 31, 2017.

23. Smith drove a sprinter van to perform her assigned delivery services during the period of on or about November 18, 2017, through May 24, 2018.

24. Sprinter vans are vehicles with gross vehicle weight ratings of 10,000 lbs. or less.

4

25. During the periods in which Plaintiffs drove sprinter vans to perform their delivery duties, Plaintiffs were nonexempt employees within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

26. At all times relevant to this Complaint, Plaintiffs worked more than forty hours per week delivering packages for Defendants. For example, Gamble worked approximately 25 hours of overtime during week of October 28, 2017 through November 3, 2017, and Smith worked approximately 25 hours of overtime during the week of January 20, 2018 through January 26, 2018. These examples are representative of the number of overtime hours worked each week by Plaintiffs during the period in which they drove the sprinter vans.

27. Gamble estimates he worked more than 896.5 hours of unpaid overtime during the three-year period prior to filing this lawsuit.

28. Smith estimates that she worked more than 671.5 hours of unpaid overtime during the three-year period prior to filing this lawsuit.

29. Defendants failed to pay Plaintiffs the overtime premium required by the FLSA.

30. Defendants had knowledge that Plaintiffs worked the unpaid overtime hours at issue in this lawsuit because Defendants frequently assigned Plaintiffs delivery schedules that exceed 40 hours in a workweek.

31. Defendants willfully failed to pay Plaintiffs the overtime premium required by the FLSA.

### **Plaintiffs' Cause of Action**

### **(Violation of FLSA – Overtime)**

32. Plaintiffs incorporates by reference paragraph 1-30 of their Complaint.

33. Defendants' violation of the FLSA arise from their failure to pay all overtime wages earned by Plaintiffs.

34. Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

35. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

36. Defendants' violation of the FLSA were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Respectfully submitted this 27th day of December, 2019.

/s/ Geoffrey A. Marcus
Geoffrey A. Marcus #54907
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: geoffrey@gibbonsleis.com
       phil@gibbonsleis.com
       craig@gibbonsleis.com

*Attorneys for Plaintiffs*